IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| MARC WALLS and JULIE WALLS, | ) | Case No. 3:19-cv-80 |
|---|---|---|
| Plaintiffs, | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| AMERICAN MODERN SELECT INSURANCE COMPANY, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I. Introduction

This case arises from an unpaid insurance claim as a result of a fire that occurred on September 10, 2017, in Johnstown, Pennsylvania. Pending before the Court are Plaintiffs Marc Walls and Julie Walls' Motion to Dismiss Defendant American Modern Select Insurance Company's ("AMSIC") Affirmative Defense of "Material Misrepresentation" (ECF No. 9) and Defendant's Motion to Sever and Stay Bad Faith Claim (ECF No. 19). The Motions are fully briefed (ECF Nos. 7, 9, 10, 14, 19, 22) and ripe for disposition. For the following reasons, the Court **DENIES** both Motions.

### II. Jurisdiction and Venue

This Court has jurisdiction over Plaintiffs' claims because the parties are diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Venue is proper because the Western District of Pennsylvania embraces Cambria County, where Plaintiffs originally filed this case. 28 U.S.C. § 1441.

## III. Factual Background

The following facts are undisputed by both parties unless otherwise noted.

On May 23, 2017, Plaintiffs purchased the premises located at 1341–1341.5 Franklin Street, Johnstown, Pennsylvania (the "Residence"). (ECF No. 1 ¶ 5.) On August 17, 2017, Plaintiffs purchased a Homeowner's Policy of Insurance at policy number 085 004 844 9438 from Defendant (the "AMSIC Policy"). (*Id.* ¶ 6.) In their application, Plaintiffs indicated that the Residence was wired through a breaker box, instead of using knob and tube wiring, and that they had not had a similar prior insurance policy canceled. (ECF No. 18-1.) On September 10, 2017, a fire occurred at the Residence; the extent of the damage is in dispute. (ECF No. 1 ¶ 8; ECF No. 7 ¶ 4.) The Johnstown Police Department investigated the cause of the September 10, 2017 fire and determined that the fire was caused intentionally but have not charged anyone with arson. (ECF No. 1 ¶ 12.)

After the fire, Plaintiffs submitted a claim under the ASMIC Policy to Defendant, which Defendant acknowledged in a letter dated September 21, 2017 (the "Reservation of Rights Letter"). (*Id.* ¶¶ 9–11.) The Reservation of Rights Letter stated that Defendant does not provide coverage for an insured who has: (1) intentionally concealed or misrepresented any material fact or circumstance on the insurance application; or (2) made false statements or engaged in fraudulent conduct in an attempt to defraud the insurer. (*Id.* ¶ 11.)

Plaintiffs allege that, despite repeated requests, Defendant has failed to either extend coverage and pay Plaintiffs' claim, or issue a denial stating the basis for denying the claim as required by the Pennsylvania Unfair Claims and Settlement Practices Regulations. (*Id.* ¶¶ 14–15.)

## IV. Procedural History

Plaintiffs filed the Complaint on May 21, 2019, asserting claims of breach of contract and bad faith insurance. (ECF No. 1.) Defendant filed its Answer and Affirmative Defenses on July 29, 2019. (ECF No. 7.) In one affirmative defense, Defendant asserts that Plaintiffs made two material misrepresentations in their insurance application: (1) Plaintiffs warranted that the electrical system to the house was not knob and tube wiring when, in fact, it was; and (2) Plaintiffs warranted to the Defendant that no insurer had previously canceled a policy they took out when, in fact, a prior policy issued to them had been cancelled. (*Id.* ¶ 27.)

Plaintiffs moved to dismiss this affirmative defense on August 6, 2019. (ECF No. 9.) Defendant responded in opposition on August 23, 2019. (ECF No. 14.)

Defendant moved to sever and stay Plaintiffs' bad faith insurance claim on October 28, 2019. (ECF No. 19.) Plaintiffs responded in opposition on November 18, 2019. (ECF No. 22.)

## V. Legal Standards

### A. Motion to Strike

A party may move to strike any insufficient defense from a pleading under Rule 12(f). Fed. R. Civ. P. 12(f). An insufficient defense is one where the matter pleaded: (1) is not an affirmative defense; (2) is not pleaded adequately within the meaning of Rules 8 and 9; or (3) would not withstand a Rule 12(b)(6) challenge. *FTC v. Mag. Solutions, LLC.*, No. 07-cv-692, 2007 WL 2815695, at *1 (W.D. Pa. Sept. 25, 2007); *Directv, Inc. v. Figler*, No. 04-cv-773, 2006 WL 318825, at *1 (W.D. Pa. Feb. 9, 2006). The moving party must demonstrate that the insufficiency of the defense is "clearly apparent." *United States v. Consolidation Coal Co.*, No. 89-cv-2124, 1991 WL 333694, at *1 (W.D. Pa. July 5, 1991).

### B. Motion to Sever

A court may sever any claim against a party under Rule 21. Fed. R. Civ. P. 21. Severance is appropriate when the claims are "discrete and separate," meaning that each claim is capable of resolution without dependence or effect on the other. *McFarland, LP v. Harford Mut. Ins. Companies*, No. 1:18-cv-1664, 2019 WL 3336982, at *2 (M.D. Pa. July 25, 2019). In assessing whether severance is appropriate, courts consider: (1) whether the issues sought to be severed are significantly different from one another and would require distinct evidentiary proof; (2) whether either party would be unduly prejudiced by severance or its absence; and (3) whether severance would promote judicial economy. *Schutte v. Geico Casualty Co.*, No. 16-cv-0374, 2016 WL 9415199, at *1 (W.D. Pa. May 24, 2016).

### VI. Discussion

#### A. The Court Denies Plaintiffs' Motion to Strike

##### 1. The Parties' Arguments

Plaintiffs argue that the Court must dismiss Defendant's affirmative defense of material misrepresentation because it is inadequate. (ECF No. 10 at 5.) Regarding the alleged misrepresentation about the knob and tube wiring, Defendant fails to identify when or where Plaintiffs made the statement and whether it was an oral or written statement. (*Id.*) Defendant fails to set forth factual allegations that show Plaintiffs made the misrepresentation knowingly or that the misrepresentation was material to the risk being insured. (*Id.*)

As to the alleged misrepresentation about the prior insurance policy, Defendant fails to identify the alleged prior insurance company, when the policy was issued, when it was canceled, and why it was canceled. (*Id.* at 6.) Defendant also fails to set forth facts that indicate that

-4-

Plaintiffs knowingly failed to disclose a canceled prior insurance policy or that the cancelation was material to the issuance of the ASMIC Policy. (*Id.* at 6–7.)

Defendant responds that it pleaded its affirmative defense of material misrepresentation properly. (ECF No. 14 at 2.) Defendant's pleading provides the answers to the issues Plaintiffs raise: the affirmative defense states that the representations were: (1) made by Plaintiffs; (2) made in writing in the application for insurance; (3) made when Plaintiffs completed the application; and (4) material because if Plaintiffs had been honest or not withheld the information about this knob and tube wiring or the prior insurance cancellation, then Defendant would not have agreed to insure Plaintiffs' property. (*Id.* at 4.) Defendant asserts that its affirmative defense sufficiently places Plaintiffs on notice of the allegations being made against them. (*Id.*)

### 2. Defendant Properly Pleaded the Affirmative Defense of Material Misrepresentation

In general, an affirmative defense under Rule 8(c) need not be articulated with any rigorous degree of specificity and a bare assertion is sufficient to raise it.[1] *Moody v. Atl. City Bd. of Educ.*, 870 F.3d 206, 218 (3d Cir. 2017). The purpose of requiring the defendant to plead available affirmative defenses in its answer is to avoid surprising and unduly prejudicing the plaintiff and to put the plaintiff on notice of any defenses the defendant might use. *Robinson v. Johnson*, 313 F.3d 128, 134–35 (3d Cir. 2002.)

Because Defendant's affirmative defense involves fraud or misrepresentation, Rule 9(b) imposes additional requirements. Under Rule 9(b), a party who alleges fraud must state with

---

[1] Although pleadings generally must contain sufficient factual allegations to state a facially plausible claim for relief, this requirement does not apply to pleading affirmative defenses. *Mifflinburg Tel., Inc. v. Criswell*, 80 F. Supp. 3d 566, 573–74 (M.D. Pa. 2015).

-5-

particularity the circumstances constituting the fraud, but intent, knowledge, or other states of mind can be alleged generally. Fed. R. Civ. P. 9(b). To satisfy this pleading standard, the party must plead the essential background facts; this includes the who, what, when, where, and how of the events at issue. *In re Rockefeller Ctr. Props. Sec. Litig.*, 311 F.3d 198, 217 (3d Cir. 2002). Like Rule 8(c), the purpose of Rule 9(b) is to place the other party on notice of the precise misconduct with which the party is charged. *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007).

The Court holds that Defendant's affirmative defense of material misrepresentation satisfies Rule 9(b)'s pleading standard. Defendant's pleading states that Plaintiffs made the representations in writing in the AMSIC Policy application at the time the Plaintiffs filled out the application. Defendant's pleading also states that Defendant would not have insured the Residence had it known about the knob and tube wiring or the cancelation of the prior insurance policy. This is enough to satisfy Rule 9(b)'s requirements. Defendant's pleading does not just state generally that Plaintiffs defrauded Defendant in the application as a whole. Instead, Defendant points to two specific statements Plaintiffs made in the application that Defendant alleges were untruthful. This pleading provides Plaintiffs with fair notice of Defendant's affirmative defense and the grounds upon which it rests. Accordingly, the Court denies Plaintiffs' Motion to Strike.

### B. The Court Denies Defendant's Motion to Sever and Stay

#### 1. The Parties Arguments

Defendant argues that the Court should sever Plaintiffs' bad faith claim from its breach of contract claim because the claims are separate and distinct. (ECF No. 20 at 3.) Defendant asserts that not severing the bad faith claim would unduly prejudice Defendant because: (1) the scope of

discovery would be dramatically expanded without a severance order; (2) the evidence sought in connection with the bad faith claim is irrelevant to the breach of contract claim; and (3) if not severed, in determining the bad faith claim, a jury could be exposed to evidence that cannot be used in determining the breach of contract claim. (*Id.* at 4, 7.) Plaintiffs would be minimally burdened if the claims are severed because discovery on the bad faith claim would not be relevant in litigating the breach of contract claim. (*Id.* at 7.) The prejudice to Defendant outweighs the judicial economy of trying both claims together because litigating the claims together would unnecessarily consume the time and resources of the Court; if Plaintiffs are unsuccessful on their breach of contract claim, they will likely be unsuccessful on the bad faith claim too. (*Id.* at 8.)

Plaintiffs respond that their claims should not be severed because the claims, although different, involve overlapping issues, witnesses, and documents. (ECF No. 23 at 8.) Plaintiffs assert that Defendant will not suffer any prejudice if the claims remain together because any issues of privilege in response to discovery requests would be minimal. (*Id.* at 7–8.) Instead, Plaintiffs would be prejudiced if the Court severs the claims because they would be forced to incur significant expense to conduct two separate rounds of discovery and file separate dispositive and pretrial motions. (*Id.* at 8.) Plaintiffs assert that Defendant has not offered any evidence in support of its motion. (*Id.* at 9.)

2. **Defendant Has Failed to Show that Severance Is Warranted**

The Court holds that severing Plaintiffs' bad faith claim is unwarranted because the underlying issues in the claims overlap, trying the claims together will not unduly prejudice Defendant, and trying the claims together will promote judicial economy. First, although the ultimate issues of Plaintiffs' claims are distinct, they are subject to the same sources of proof and

concern the same underlying issues of Plaintiffs' insurance claim with Defendant. Second, Defendant has failed to show exactly how it would be prejudiced if Plaintiffs' claims are tried together. If the discovery disputes Defendant fears do arise, the Court will be able to resolve them at a proper time. Third, judicial economy strongly disfavors severance in this case. If Plaintiffs' claims are severed, one case will become two cases. This would require the Court to schedule deadlines separately for each case and hold two separate trials on claims stemming from the same dispute. Defendant has not shown any valid reason for this Court to sever Plaintiffs' bad faith claim. Accordingly, the Court denies Defendant's Motion to Sever and Stay.

## VI. Conclusion

For the foregoing reasons, the Court denies Plaintiffs' Motion to Dismiss Defendant's Affirmative Defense of Material Misrepresentation and denies Defendant's Motion to Sever and Stay Bad Faith Claim.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARC WALLS and JULIE WALLS, | ) | Case No. 3:19-cv-80 |
| | ) | |
| Plaintiffs, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| AMERICAN MODERN SELECT | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

AND NOW, this 6th day of February, 2020, upon consideration of Plaintiffs' Motion to Dismiss Defendant's Affirmative Defense of "Material Misrepresentation" (ECF No. 9) and Defendant's Motion to Sever and Stay Bad Faith Claim (ECF No. 19), and for the reasons set forth in the accompanying Memorandum Opinion, it is **HEREBY ORDERED** that said Motions are **DENIED**.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE